[Civ. No. 3813. Third Appellate District.—June 7, 1929.]

A. H. MEYER, Respondent, v. STATE LAND SETTLE-
MENT BOARD (a Body Corporate), Appellant.

U. S. Webb, Attorney-General, Frank English and Charles
A. Wetmore, Deputies Attorney-General, and Bond & Dierup
for Appellant.

Ware & Ware for Respondent,

THOMPSON (R. L.), J.—This is an appeal from an order denying defendant's motion for a change of place of trial.

The complaint alleges that the plaintiff purchased from the defendant corporation a small tract of land in Butte County, together with the water rights appurtenant thereto, consisting of a quantity of water conveyed upon the land of plaintiff from Butte Creek by means of ditches; that the plaintiff relied upon this water supply to irrigate the nursery stock and crops which he produced on the premises; that subsequently the defendant changed the location of the main ditch adjacent to plaintiff's northerly property line, and closed the outlets therefrom with a single exception, with the result that the plaintiff was thereafter unable to secure an adequate supply of water. The complaint then prayed for damages and the issuance of a mandatory injunction requiring the defendant to restore the former system of ditches and outlets. The defendant is a body corporate which was created by an act of the legislature "to provide employment and rural homes for soldiers, sailors and marines . . . who have served with the armed forces of the United States in . . . wars; . . . and to demonstrate the value of adequate capital and organized direction in subdividing and preparing agricultural land for settlement." A board of managers was created, and large appropriations of money were made from time to time to carry out the purposes of the act. (Stats. 1917, p. 1566, 2 Deering's Gen. Laws 1923, Act 8008.) Subsequently the department of agriculture of the state of California was given the management of the affairs of the State Land Settlement Board, with certain limited reservations. (Stats. 1927, p. 942.)

A demurrer and motion for change of place of trial to Sacramento County were filed by the defendant. The motion was denied, and the defendant appealed.

The attorney-general maintains that the State Land Settlement Board, a corporation, is virtually a department of the state government, and that it has a right to a transfer of the place of trial to the county of Sacramento, under the provisions of an act "to authorize suits against the state, and regulating the procedure therein." (Stats. 1893, p. 57, 2 Deering's Gen. Laws 1923, Act 7928.) This act provides in part: "All persons who have, or shall hereafter have,

claims on contract or for negligence against the state, not allowed by the state board of examiners, are hereby authorized . . . to bring suit thereon against the state in any of the courts of this state . . . Sec. 4: . . . It shall be the duty of the attorney-general to defend all such suits; and upon his written demand, made at or before the time of answering, the place of trial of any such suit must be changed to the county of Sacramento.''

Unless this statute authorizes a transfer to Sacramento County of any case based upon contract or negligence against any auxiliary department of the state government, whether such department exercises necessary governmental functions, or not, then section 392 of the Code of Civil Procedure will govern in determining the county in which the present case is entitled to be tried. This section provides in part: ''Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code: 1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property.''

█ It must be conceded that the diverting of water necessary for irrigation purposes, which is appurtenant to real property, is an injury thereto.

█ It seems quite evident that the purposes for which the legislature enacted the State Land Settlement Board, laudable as they may have been, were not to maintain a necessary function of state government, but rather to establish and maintain an industry to encourage agriculture and reward the patriotism and service of soldiers and sailors. This is a departure from necessary governmental functions, in the operation of which the sovereign power of the state may not claim the application of the ordinary rules of law governing her liability or procedure with respect to the usual governmental institutions. It is well said in *Carmichael* v. *Riley,* 56 Cal. App., at page 412 [205 Pac. 479]: ''The state in all its contracts and dealings with individuals must be adjudged and abide by the rules which govern in determining the rights of private citizens contracting and dealing with each other. There is not one law for the sovereign, and another for the subject. But when the sovereign

engages in business and the conduct of business enterprises and contracts with individuals, whenever the contract in any form comes before the courts the rights and obligations of the contracting parties must be adjudged upon the same principles as if both contracting parties were private persons. Both stand upon equality before the law, and the sovereign is merged in the dealer, contractor and suitor. . . . ''

It will be noted that the foregoing act under which the appellant claims the right to a transfer of the present case to Sacramento County authorizes the attorney-general to appear and defend the interest of the state, and to procure the transfer of the case to Sacramento County, only in litigation upon ''claims on contract or for negligence . . . *not allowed by the state board of examiners.*'' It seems quite apparent that the legislature intended to distinguish between such ''claims (based) on contracts or negligence'' which are proper for the state board of examiners to pass upon, and such as come within the jurisdiction of auxiliary corporate or *quasi*-corporate boards, such as those which represent school districts, reclamation districts and similar bodies politic created not for governmental purposes but for the welfare of the people in matters which are individual in their application rather than governmental. The mere fact that such corporate or *quasi*-corporate political institutions are adjuncts or agencies of the state does not authorize the attorney-general to represent them or demand the transfer to Sacramento County of cases pending against them. This might result in great inconvenience and hardship to the remote individual litigant. It would be granting unwarranted privileges to the sovereign state.

If the State Land Settlement Board is entitled to this transfer, and to demand the abrogation of the application of section 392 of the Code of Civil Procedure in the present case, we are unable to see why the same claim may not be reasonably made in similar litigation against a school district, a reclamation district, or any one of the many similar auxiliary municipal or political agencies of the state. It is argued that there is a distinction between these organizations, in that such agencies as school and reclamation districts are local and limited in their territory, while the jurisdiction of the State Land Settlement Board extends to the remote

limits of the state. But the mere territorial size of a district furnishes no logical or reasonable cause for distinction. It is the character of the institution and the enterprise involved which must determine its status and legal rights. If this corporate agency were a necessary governmental institution of the state, then we are of the opinion that the act above referred to, which authorizes certain suits against the state and provides for the procedure of trial, would control the determination as to the proper place of trial. In the present action, however, the purposes and functions of the State Land Settlement Board are clearly not governmental in their nature, and, therefore, the usual provisions of the code with respect to venue must control in determining the proper place of trial.

The order is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 6, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1929.

All the Justices present concurred.